**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| GALLIENNE NABILA, JANET GUZMAN, STEPHANIE RAO, SANDRA VALENCIA and VIDA GUERRA,<br><br>Plaintiffs,<br><br>v.<br><br>S & J PAULINO DEVELOPMENT LLC, d/b/a FUEGO BAR LOUNGE a/k/a FUEGO and DISCOVERY PALACE LLC,<br><br>Defendant. | **CASE NO.: 3:25-cv-5072**<br><br>**FIRST AMENDED COMPLAINT (Jury Trial Demand)** |

Plaintiffs Gallienne Nabila, Janet Guzman, Stephanie Rao, Sandra Valencia, and Vida Guerra, (collectively, "Plaintiffs"), file this First Amended Complaint against S & J Paulino Development LLC, d/b/a Fuego Bar Lounge a/k/a Fuego ("SJPD LLC") and Discovery Palace LLC ("DP LLC") (collectively "Defendants") and respectfully allege as follows:

**BACKGROUND**

1. This is an action for damages and injunctive relief relating to Defendant SJPD LLC's misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote their night club, Fuego Bar Lounge a/k/a Fuego, located in Tacoma, Washington ("Night Club" or "Fuego").

2. As detailed below, Defendant SJPD LLC's misappropriation and unauthorized



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

use of Plaintiffs' images, photos and likenesses (collectively, "Images") constitutes: a) Violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (False Association)- as to Defendant SJPD LLC; b) Violation of each Plaintiff's right of publicity under the Washington Personality Rights Act (WPRA) as codified in Wash. Rev. Code Ann. § 63.60- as to Defendant SJPD LLC; c) Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) - Contributory Trademark Infringement- as to Defendant DP LLC, d) Violation of Washington's Unfair competition, practices, declared unlawful § 19.86.020- as to Defendant SJPD LLC; and d) Negligence- as to Defendant SJPD LLC.

3. In addition to the actual, compensatory, and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendant from using any of their Images in any way and through any medium.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under the Lanham Act, 15 U.S.C. § 1125(a)(1).

5. This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

6. Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States.

7. According to publicly available records, Defendant S & J Paulino Development LLC, is a limited liability company formed under the laws of the state of Washington, with its principal place of business located at 19840 International Blvd, SeaTac, Washington 98188. Defendant S & J Paulino Development, LLC, operates a nightclub doing business as Fuego Bar Lounge d/b/a Fuego, which is located at 6409 6th Ave., Tacoma, Washington 98406.

8. According to publicly available records, Defendant Discovery Place LLC is a limited liability company formed under the laws of the State of Washington, with its principal place of business located at 28004 10th Ave S, Des Moines, WA 98198.



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

9. Venue is proper in the United States District Court for the Western District of Washington because Defendant's principal place of business is located in Tacoma, Washington (Pierce County).

10. A significant portion of the alleged causes of action arose and accrued in Tacoma, Washington and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Tacoma, Washington.

## PARTIES

***Plaintiffs***

11. Plaintiff Gallienne Nabila ("Nabila") is a well-known professional model, and a resident of Los Angeles County, California.

12. Plaintiff Janet Guzman ("Guzman") is a well-known professional model, and a resident of Los Angeles County, California.

13. Plaintiff Stephanie Rao ("Rao") is a well-known professional model, and a resident of Los Angeles County, California.

14. Plaintiff Sandra Valencia ("Valencia") is a well-known professional model, and a resident of Colombia.

15. Plaintiff Vida Guerra ("Guerra") is a well-known professional model, and a resident of Los Angeles County, California.

***Defendant***

16. According to publicly available records, Defendant, S & J Paulino Development LLC, is a limited liability company formed under the laws of the state of Washington and registered to conduct business in Washington. At all times relevant to this action, Defendant operated Fuego Bar Lounge d/b/a Fuego in Tacoma, Washinton.

17. Service of process may be perfected upon Defendant by serving the registered agent for service of process, Jose Paulino, who can also be served in his capacity as an individual



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

defendant at 19840 International Blvd., SeaTac, Washington 98188.

18. According to publicly available records, Defendant, Discovery Palace LLC, is a limited liability company formed under the laws of the state of Washington and registered to conduct business in Washington. At all times relevant to this action, Discovery Palace LLC was the landlord of the premise where Fuego Bar Lounge d/b/a Fuego operated.

19. Service of process may be perfected upon Defendant DP LLC by serving the registered agent for service of process, Michael Galletch, who can also be served in his capacity as an individual defendant at 411 University St #1200, Seattle, WA 98101.

20. Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of Defendant now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of the Defendant.

21. Plaintiffs are informed and believe and, on such information and belief, allege that each of Defendant's employees and/or contractors is now and at all times mentioned herein was the agent, servant of Defendant. Thus, in doing the acts alleged herein, Defendant's employees were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of each of the Defendant and as such that Defendant has authorized and/or ratified the wrongful activities of each of its employees and/or contractors. See *Evans v. Tacoma Sch. Dist. No. 10,* 195 Wn. App. 25, 47, 380 P.3d 553 (2016).

///

///

///



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

**FACTUAL ALLEGATIONS**

22. Each Plaintiff is a well-known professional model who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

23. Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

24. In early 2022, Plaintiffs, by and through their attorneys and at Plaintiffs' direction, began to conduct research in Washington to determine whether establishments such as Defendant SJPD LLC's were using their Images without their authorization or consent. In November 2024, Plaintiffs discovered and identified their Images in Defendant SJPD LLC's social media accounts to promote and advertise their adult-oriented establishment. The Images which are the subject of this lawsuit are attached to this first amended complaint as Exhibits A-E.

25. Each of the Plaintiffs' Images was misappropriated, and intentionally altered, by Defendant SJPD LLC to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant SJPD LLC.

26. In the case of each Plaintiff, this apparent claim was false.

27. Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

28. No Plaintiff has ever received any remuneration for Defendant SJPD LLC's improper and illegal use of their Images, and Defendant SJPD LLC's improper and illegal use of Plaintiffs' Images have caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

29. Further, in certain cases Defendant SJPD LLC misappropriated Plaintiffs'



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

advertising ideas because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand.

***Plaintiffs' Individual Backgrounds and Careers***

30. Nabila is an actress and model residing in Los Angeles, California. From a young age she participated in pageants, public speaking, dance, community service work, and singing. Nabila has been in the entertainment industry for over a decade working with brands such as Fashion Nova. She is currently signed to Wilhelmina Los Angeles and has a nonprofit geared towards the empowerment and advancement of young women. Nabila has over 2 million social media followers.[1]

31. That we know of, Nabila is depicted in the photo in Exhibit "A" to promote Fuego on its Facebook page. This Image was intentionally altered to make it appear that Nabila was either an employee working at Fuego, that she endorsed Fuego, or that she was otherwise associated or affiliated with Fuego.

32. Nabila has never been employed at Defendant SJPD LLC's establishment, has never been hired to endorse Defendant SJPD LLC's establishment, has never been otherwise associated or affiliated with Defendant SJPD LLC's establishment, has received no remuneration for Defendant SJPD LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

33. Guzman is a social media star who is widely known for her self-titled Instagram page. She has gained popularity there for her modeling and lifestyle photos, surpassing over 2 million followers. She's widely known to be Fashion Nova's number 1 featured talent. She mostly promotes the clothes of the Fashion Nova clothing brand on her Instagram and has also appeared on the Fashion Nova Billboard located at Melrose and Fairfax (California). She was

[1]In the modeling world and talent industry (in general), the number of online Instagram "followers", X "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

featured in an exclusive video interview with Fashion Nova in March of 2022. She has also seen her janetguzman_TikTok channel become widely popular, with her videos on the platform earning over 1.9 million total likes. She also runs a popular OnlyFans subscription account and a travel\/lifestyle\/fashion vlog on YouTube.

34. That we know of, Guzman is depicted in the photos in Exhibit "B" to promote Fuego on its Facebook and Instagram page. These Images were intentionally altered to make it appear that Guzman was either an employee working at Fuego, that she endorsed Fuego, or that she was otherwise associated or affiliated with Fuego.

35. Guzman has never been employed at Defendant SJPD LLC's establishment, has never been hired to endorse Defendant SJPD LLC's establishment, has never been otherwise associated or affiliated with Defendant SJPD LLC's establishment, has received no remuneration for Defendant SJPD LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

36. Rao who is originally from Miami, Florida currently resides in Los Angeles and is an influencer/model. She is currently representing Fashion Nova and has previously worked for Shein & PrettyLittleThing. She has appeared alongside Kim Kardashian in a Carolina Lemke glasses advertisement as well as other high profile ad campaigns. She has her own website which focuses on providing a fitness journey to her clients and promoting physical, mental, and spiritual wellness. Rao has over 1.1 million Instagram followers.

37. That we know of, Rao is depicted in the photos in Exhibit "C" to promote Fuego on its Facebook page. These Images were intentionally altered to make it appear that Rao was either an employee working at Fuego, that she endorsed Fuego, or that she was otherwise associated or affiliated with Fuego.

38. Rao has never been employed at Defendant SJPD LLC's establishment, has never been hired to endorse Defendant SJPD LLC's establishment, has never been otherwise associated or affiliated with Defendant SJPD LLC's establishment, has received no remuneration for



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

Defendant SJPD LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

39. Valencia is, and at all times relevant to this action was, a successful professional model with numerous accomplishments. She is regarded as one of the top models in her home country of Colombia. Valencia has modeled in Ecuador, Peru, The Dominican Republic, Mexico and Venezuela. She has worked with clients such as Diesel, Americanino, Leonisa, Chevignon, and Onde de Mar, and is the contract face of Bésame Lingerie. She currently has 149 thousand Instagram followers and over 71.4 thousand X (formerly Twitter) followers.

40. That we know of, Valencia is depicted in the photo in Exhibit "D" to promote Fuego's on its Facebook page. This Image was intentionally altered to make it appear that Valencia was either an employee working at Fuego, that she endorsed Fuego, or that she was otherwise associated or affiliated with Fuego.

41. Valencia has never been employed at Defendant SJPD LLC's establishment, has never been hired to endorse Defendant SJPD LLC's establishment, has never been otherwise associated or affiliated with Defendant SJPD LLC's establishment, has received no remuneration for Defendant SJPD LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

42. Guerra is a Cuban model currently living in the United States. Her first national exposure came when she appeared in a lingerie spread for *FHM* in December of 2002 and became "FHM's "Model of the Year" in 2004. Since then, Guerra has been featured in many magazines, including *DUB, Smooth, Escape*, and *Open Your Eyes*. Guerra has made multiple appearances on several Spanish language television programs such as El Gordo y la Flaca (The Fat Guy and The Skinny Girl). She has also become a staple in music videos, appearing in "Shake Ya Tailfeather" performed by Nelly, P. Diddy, and Murphy Lee, from the Bad Boys II soundtrack, 2003, "The New Workout Plan" performed by Kanye West, 2004, and in "Obsession (No Es Amor)" performed by Frankie J ft. Baby Bash, 2005, among others. In addition, Guerra has



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

appeared in a commercial for Burger King's Tender Crisp Bacon Cheddar Ranch, a number of sketches on The Chappelle's Show, and the film, "National Lampoon's Dorm Daze 2." She lent her voice to the video game, "Scarface: The World Is Yours." In 2005, Guerra was voted Number 26 in FHM's "Top 100 Sexiest Females" and has been named the winner of the magazine's "Best Butt Award". She also produced her own swimsuit calendars and accompanying "behind the scenes" DVDs and a 2006 DVD titled, "Vida Guerra: Exposed." She continues to be extremely in demand as a spokeswoman for fitness and fitness equipment, television shows, and movies. Guerra enjoys over 875.4K followers across Instagram and Twitter.

43. That we know of, Guerra is depicted in the photo in Exhibit "E" to promote Fuego on its Facebook page. This Image was intentionally altered to make it appear that Guerra was either an employee working at Fuego, that she endorsed Fuego, or that she was otherwise associated or affiliated with Fuego.

44. Guerra has never been employed at Defendant SJPD LLC's establishment, has never been hired to endorse Defendant SJPD LLC's establishment, has never been otherwise associated or affiliated with Defendant SJPD LLC's establishment, has received no remuneration for Defendant SJPD LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendant SJPD LLC's Business Activity and Misappropriation***

45. Defendant SJPD LLC operates (or operated, during the relevant time period,) a so-called Night Club, where they are (or were) engaged in the business of selling alcohol and food in a sexually charged atmosphere.

46. Defendant SJPD LLC owned, operated, and controlled Fuego's social media accounts, including its Facebook, Twitter, and Instagram accounts.

47. Defendant SJPD LLC used Fuego's Facebook, X, and Instagram accounts to promote Fuego, and to attract patrons.

48. Defendant SJPD LLC did this for their own commercial and financial benefit.



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

49. Defendant SJPD LLC has used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that each Plaintiff either worked at Fuego, endorsed Fuego, or was otherwise associated or affiliated with Fuego.

50. Defendant SJPD LLC used Plaintiffs' Images and created the false impression with the public that Plaintiffs worked at or endorsed Fuego to receive certain benefits from that false impression, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; and an increase in business revenue, profits, proceeds, and income.

51. Defendant SJPD LLC was well aware that none of the Plaintiffs have ever been affiliated with or employed by Fuego, and at no point have any of the Plaintiffs ever endorsed Fuego, or otherwise been affiliated or associated with Fuego.

52. All of Defendant SJPD LLC's activities, including their misappropriation and republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

53. Defendant SJPD LLC has never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

54. Plaintiffs have never received any benefit from Defendant SJPD LLC's unauthorized use of their Images.

***Standard Business Practices in the Modeling Industry***

55. It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

56. The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters),



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

known in the modeling industry as “usage”; and, d) the length of time the rights to use the photos will be assigned, known in the modeling industry at the “term.”

57. Most licenses to use a model’s image are for one, two, or three year terms; but almost never is there a “lifetime” term.

***Defendant SJPD LLC’s Misappropriation of Plaintiffs’ Images***

58. Defendant SJPD LLC was aware that, by using Plaintiffs’ Images, they were violating Plaintiffs’ right to privacy, Plaintiffs’ right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Fuego.

59. Unauthorized use of Plaintiffs’ Images deprives them of income they are owed relating to the commercialization of their Images.

60. In addition, Plaintiffs allege that any the improper unauthorized use of their Images at issue in this case has substantially injured their respective careers and reputations, because of the negative connotations of false impression of association with Fuego.

61. At no point was any Plaintiff ever contacted by any Defendant SJPD LLC, or any representative of any Defendant SJPD LLC, to request the use of any of Plaintiffs’ Images.

62. No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs’ Images.

63. No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including Fuego’s website, X, Facebook, or Instagram accounts.

64. Defendant SJPD LLC used Plaintiffs’ Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

///



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

**FIRST CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A) - False Association- as to Defendant SJPD LLC)**

65. Plaintiffs re-alleges each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

66. Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to Defendant SJPD LLC, and protects Plaintiffs from the conduct described herein

67. Defendant SJPD LLC used Plaintiffs' image in order to create the false impression with the public that Plaintiffs either worked at Defendant SJPD LLC's establishment, or endorsed Defendant SJPD LLC's businesses. This was done to promote and attract clientele to Defendant SJPD LLC's establishment, and thereby generate revenue for Defendant SJPD LLC.

68. Thus, this was done in furtherance of Defendant SJPD LLC's commercial benefit.

69. Plaintiffs are in the business of commercializing their identity and selling their images to reputable brands and companies for profit. Defendant SJPD LLC's customers are the exact demographic that view Plaintiffs' images in magazines and online. By virtue of Plaintiffs' use of their image and identify to build their brand, they have acquired a distinctiveness through secondary meaning. Plaintiffs' image either suggests the basic nature of their product or service, identifies the characteristic of their product or service, or suggest the characteristics of their product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, their brand – the reason their clients seek to hire them – is unique in that it is encompassed in their identity, i.e., their persona.

70. Both Plaintiffs and Defendant SJPD LLC compete in the entertainment industry, use similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

71. As such, an unauthorized use of Plaintiffs' image to promote an establishment created an undeniable confusion in Defendant SJPD LLC consumers' minds, which lead to competitive injury to Plaintiffs. There is no doubt that Defendant SJPD LLC used Plaintiffs'



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

image for advertising purposes, that is to promote their business enterprises, as such, Defendant SJPD LLC's unauthorized and unlawful use of Plaintiffs' image and likeness was an existing intent to commercialize an interest in Plaintiffs' image and likeness

72. Defendant SJPD LLC's use of Plaintiffs' image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which have deceived Plaintiffs' fans and present and prospective clients into believing that Defendant SJPD LLC's establishment advertisements are endorsed by Plaintiffs, or sponsored, approved or associated with Plaintiffs.

73. Despite the fact that Defendant SJPD LLC was at all times aware that Plaintiffs neither worked at, nor endorsed their establishment, nevertheless, they used Plaintiffs' image in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Defendant SJPD LLC's establishment

74. Defendant SJPD LLC knew that their use of Plaintiffs' image would cause consumer confusion as to Plaintiffs' sponsorship and/or employment at Defendant SJPD LLC's establishment.

75. Upon information and belief, Defendant SJPD LLC's use of Plaintiffs' image did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of Defendant SJPD LLC's businesses, and the goods and services provided by Defendant SJPD LLC.

76. As a direct and proximate result of Defendant SJPD LLC's actions, Plaintiffs have no control over the nature and quality of the line of products or services provided by Defendant, the nature of the advertisements depicting Plaintiffs' image, likeness and/or identity, or how Plaintiffs' image, likeness and/or identity is being depicted by Defendant SJPD LLC.

77. Further, any failure, neglect or default by Defendant SJPD LLC will reflect adversely on Plaintiffs as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Plaintiffs to continue to protect their reputation for high quality



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote their personal modeling services to legitimate mainstream media, all to the irreparable harm of Plaintiffs.

78. Due to Defendant SJPD LLC's unauthorized use of Plaintiffs' image, Plaintiffs have been damaged in an amount to be determined at trial. WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment against Defendant SJPD LLC and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Defendant SJPD LLC's unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

## SECOND CAUSE OF ACTION

**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(B) - False Advertising- as to Defendant SJPD LLC)**

79. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

80. Section 43 of the Lanham Act, 15 U.S.C. § 1125, et seq. applies to and protects Plaintiffs from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

81. Defendant SJPD LLC used Plaintiffs' image, likeness and/or identity as described herein without authority in order to create the perception that Plaintiffs worked at or were otherwise affiliated with Defendant SJPD LLC's establishment, endorsed Defendant SJPD LLC's businesses and activities, and/or consented to or authorized Defendant SJPD LLC to use their image in order to advertise, promote, and market Defendant SJPD LLC's businesses, Defendant SJPD LLC's establishment, and/or Defendant SJPD LLC's establishment events and activities.

82. Defendant SJPD LLC's use of Plaintiffs' image, likeness and/or identity to



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

advertise, promote and market Defendant SJPD LLC's businesses, Defendant SJPD LLC's establishment, and/or Defendant SJPD LLC's events and activities as described in this Complaint was false and misleading.

83. Defendant SJPD LLC's unauthorized use of Plaintiffs' image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Plaintiffs worked at or were otherwise affiliated with Defendant SJPD LLC's establishment, endorsed Defendant SJPD LLC's businesses, Defendant SJPD LLC's establishment or Defendant SJPD LLC events or activities, or consented to or authorized Defendant SJPD LLC's usage of their image in order to advertise, promote, and market Defendant SJPD LLC's businesses or Defendant SJPD LLC events and activities and/or that Plaintiffs would participate in or appear at the specific events promoted in the advertisements.

84. Defendant SJPD LLC's false advertising described above have the capacity or tendency to confuse consumers, including actual and prospective patrons of Defendant SJPD LLC's establishment, as to the general quality of attendees and participants of Defendant SJPD LLC's establishment and in their events, as well as specifically whether Plaintiffs worked at or were otherwise affiliated with Defendant SJPD LLC's establishment, endorsed Defendant SJPD LLC's businesses, Defendant SJPD LLC's establishment or Defendant SJPD LLC establishment events or activities, or consented to or authorized Defendant SJPD LLC's usage of their image in order to advertise, promote, and market Defendant SJPD LLC's businesses or Defendant SJPD LLC establishment events and activities.

85. Upon information and belief, Defendant SJPD LLC's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiffs worked at or was otherwise affiliated with Defendant SJPD LLC's establishment, endorsed Defendant SJPD LLC's businesses, or Defendant SJPD LLC establishment events and activities, or consented to or authorized Defendant SJPD LLC's usage of their image in order to advertise, promote, and market Defendant SJPD LLC's businesses or Defendant SJPD LLC establishment



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

events and activities. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Defendant SJPD LLC's establishment, visit Defendant SJPD LLC's establishment, and participate in events at Defendant SJPD LLC's establishment and had a material effect and impact on the decision of members and prospective members and participants to join Defendant SJPD LLC's establishment, visit Defendant SJPD LLC's establishment and take part in the events at Defendant SJPD LLC's establishment.

86. Defendant SJPD LLC's unauthorized use of Plaintiffs' image, likeness and/or identity as described herein was designed to benefit Defendant SJPD LLC's businesses interests by, among other things, promoting Defendant SJPD LLC's establishment and their activities and attracting clientele to Defendant SJPD LLC's establishment.

87. Defendant SJPD LLC knew or should have known that their unauthorized use of Plaintiff's image, likeness and/or identity would cause consumer confusion as described in this Complaint.

88. Defendant SJPD LLC's unauthorized use of Plaintiffs' image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

89. Defendant SJPD LLC's wrongful conduct as described herein was willful.

90. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

91. Defendant SJPD LLC had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiffs of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiffs.

92. The method and manner in which Defendant SJPD LLC used the image of Plaintiffs further evinces that Defendant SJPD LLC was aware of or consciously disregarded the fact that Plaintiffs did not consent to Defendant SJPD LLC's use of their image to advertise



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

Defendant SJPD LLC's businesses.

93. Defendant SJPD LLC has caused irreparable harm to Plaintiffs, their reputation and brand by attributing to Plaintiffs the establishment lifestyle and activities at Defendant SJPD LLC's establishment.

94. Defendant SJPD LLC's unauthorized use of Plaintiffs' image, likeness and/or identity directly and proximately caused and continue to cause damage to Plaintiffs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) - Contributory Trademark Infringement - DP LLC)**

95. Plaintiffs re-allege each and every allegation set forth in the paragraphs above and incorporate the same by reference as though fully set forth herein.

96. As detailed immediately above, SJPD LLC violated Plaintiffs' trademark rights in their image and likeness by using same in SJPD LLC' advertising without consent.

97. Upon information and belief, at all relevant times DP LLC was SJPD LLC's landlord and owned the property on which SJPD LLC was located.

98. Upon information and belief, DP LLC knew, had reason to know and/or was willfully blind in not knowing that SJPD LLC had violated Plaintiffs' trademark rights and was using Plaintiffs' images in advertising without consent.

99. Where a secondary infringer knowingly facilitates the infringement of a plaintiff's trademark, it can be liable for contributory trademark infringement under the Lanham Act.

100. Here, DP LLC knowingly facilitated the infringement of each Plaintiff's trademark.

101. This it did by, inter alia, renting the premises to SJPD LLC and thus contributing to SJPD LLC's infringement.



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

102. DP LLC knew or had reason to know about SJPD LLC's misuse of each Plaintiff's trademark.

As such, DP LLC is contributorily liable for SJPD LLC's infringement on each Plaintiff's trademark.

**FOURTH CAUSE OF ACTION**
**(Violation of Washington States' Unfair Competition, practices, declared unlawful § 19.86.020- as to Defendant SJPD LLC)**

103. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

104. Defendant SJPD LLC operated the Night Club's website and social media accounts in order to promote the Night Club, to attract clientele thereto, and to thereby generate revenue for Defendant SJPD LLC.

105. As such, Defendant SJPD LLC's operation of the website and social media accounts, and its publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Washington.

106. Defendant SJPD LLC published Plaintiffs' image and likeness on the Night Club's website and social media accounts in order to create the false impression that Plaintiffs were either employees working at the Night Club, endorsed the Night Club, or were otherwise affiliated, associated, or connected with the Night Club.

107. Defendant SJPD LLC's intent in publishing Plaintiffs' image and likeness was to mislead the public as to Plaintiffs' employment at and/or affiliation with the Night Club.

108. Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Washington law.

109. Defendant SJPD LLC's advertising practices offends the public policy of Washington insofar as it constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendant SJPD LLC's commercial benefit.

110. Defendant SJPD LLC's advertising practices are immoral, unethical, oppressive



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, or are associated with Defendant SJPD LLC's establishment.

111. Defendant SJPD LLC's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are employees or entertainers at, endorse, or are otherwise affiliated with Defendant SJPD LLC's establishment.

112. There are no benefits to Defendant SJPD LLC's advertising practices as set forth hereon except a benefit to Defendant SJPD LLC's own commercial interests.

113. As a result of Defendant SJPD LLC's unauthorized and misleading publication of Plaintiffs' image and likeness on their Night Club's website and/or social media accounts, Plaintiffs were harmed.

114. As a result of Defendant SJPD LLC's unauthorized and misleading use of Plaintiffs' image and likeness, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Negligence- as to Defendant SJPD LLC)**

115. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

116. Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of Defendant SJPD LLC now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of Defendant SJPD LLC.

117. Plaintiffs are further informed and believe and, on such information and belief, allege that each of Defendant SJPD LLC's employees and/or contractors is now and at all times mentioned herein was the agent, servant of Defendant SJPD LLC. Thus, in doing the acts alleged herein, Defendant SJPD LLC's employees were acting within the course and scope of said



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

agency, service, and or employment as well as acting with the permission and consent of Defendant SJPD LLC and as such that Defendant SJPD LLC has authorized and/or ratified the wrongful activities of each of its employees and/or contractors. See e.g. *Evans v. Tacoma Sch. Dist. No.* 10, 195 Wn. App. 25, 47, 380 P.3d 553 (2016).

118. Plaintiffs are further informed and believe and hereon allege that Defendant SJPD LLC maintained or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the unauthorized and non-consensual use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

119. Further, Defendant SJPD LLC should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

120. Defendant SJPD LLC owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

121. Defendant SJPD LLC further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

122. Defendant SJPD LLC breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

123. Defendant SJPD LLC further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

ensure that these policies, along with Federal and Washington law, were not violated. Defendant SJPD LLC breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

124. Defendant SJPD LLC's breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

125. As a result of Defendant SJPD LLC's negligence, Plaintiffs have suffered damages in an amount to be determined at trial

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request Judgment in their favor and against Defendants as follows:

(a) For actual damages, in an amount to be determined at trial, relating to Plaintiffs' first through ninth causes of action;

(b) For an order permanently enjoining Defendant SJPD LLC from using Plaintiffs' Images to promote Fuego;

(c) For punitive damages and treble damages under the Lanham Act, 15 U.S.C. § 1117;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117;

(e) For such other and further relief as the Court may deem just and proper.

///

///



**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457 | F: 855-220-9626

Respectfully submitted this November 10, 2025.

By: *s/ Joseph N. Casas*
Joseph N. Casas, Lead Counsel*
THE CASAS LAW FIRM, P.C.
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
P: 855-267-4457
F: 855-220-9626
joseph@talentrights.law
**Attorney for Plaintiffs**
* *pro hac vice* application forthcoming

JODY REICH LAW, PLLC

By: *s/ Jody Reich*
Jody Reich, WSBA #29069
209 4TH Ave. S., Suite 101-A,
Edmonds, WA 98020
D: 206.940.0808
F: 425.245.5948
jody@jodyreichlaw.com
**Local Counsel for Plaintiffs**