The Honorable James L. Robart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

GALLIENNE NABILA, et al.,

Plaintiffs,

v.

S & J PAULINO DEVELOPMENT, LLC d/b/a FUEGO BAR LOUNGE a/k/a FUEGO and DISCOVERY PALACE LLC,

Defendants.

CASE NO.: 3:25-cv-05072-JLR

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS FOR PRETRIAL PURPOSES**

NOTE ON MOTION CALENDAR: OCTOBER 23, 2026

Plaintiffs GALLIENNE NABILA, JANET GUZMAN, STEPHANIE RAO, SANDRA VALENCIA, and VIDA GUERRA (hereinafter collectively referred to as "Plaintiffs"), move under Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42 to consolidate this earlier-filed action (the "Fuego Action") with *Abigail Ratchford, et al. v. S & J Paulino Development, LLC d/b/a Las Palmas Restaurant a/k/a Las Palmas, et al.*, No. 2:25-cv-00437-RSL (W.D. Wash.) (the "Las Palmas Action"), for pretrial purposes. Both actions are pending in this District, name S & J Paulino Development LLC ("S&J") as a defendant, and challenge alleged unauthorized commercial use of professional models' images in social-media advertising for establishments operated under S&J trade names. Three plaintiffs, Janet Guzman, Stephanie Rao, and Sandra Valencia, appear in both actions. The actions therefore present overlapping questions



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

concerning S&J's ownership and control of the venues and social-media accounts, its advertising personnel and vendors, its authorization or ratification of the challenged advertising, its commercial benefit, and its knowledge and practices.

Consolidation for pretrial purposes will allow coordinated discovery, a single schedule, and consistent resolution of recurring legal and evidentiary issues without erasing the distinct advertisements, image uses, plaintiffs, or claims associated with each venue. Plaintiffs do not presently ask the Court to consolidate the cases for trial. That question may be addressed after discovery clarifies the degree of factual overlap and any risk of jury confusion or prejudice.

## I. RELIEF REQUESTED

Plaintiffs request an order: (1) transferring the later-filed Las Palmas Action to the Honorable James L. Robart for purposes of considering and administering consolidation; (2) consolidating the Fuego and Las Palmas Actions for pretrial proceedings under the Fuego Action as the lead case; (3) directing that future pretrial filings common to both actions be made in the lead case unless otherwise ordered; (4) using the scheduling order in the Fuego Action, Dkt. 19, as the interim case-management framework, subject to appropriate modification after the parties confer; and (5) deferring any decision concerning trial consolidation.

## II. PROCEDURAL BACKGROUND

### A. <u>The Earlier-Filed Fuego Action</u>

The Fuego Action was filed on January 29, 2025. (Fuego Dkt. 1.) Its operative First Amended Complaint names Gallienne Nabila, Janet Guzman, Stephanie Rao, Sandra Valencia, and Vida Guerra as plaintiffs and originally named S&J and Discovery Palace LLC as defendants. (Fuego Dkt. 11.) S&J answered the First Amended Complaint. (Fuego Dkt. 15.) A scheduling order entered March 23, 2026 sets, among other dates, a July 19, 2027 discovery-



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

completion deadline, an August 16, 2027 dispositive-motion deadline, and a November 29, 2027 jury trial. (Fuego Dkt. 19 at 1–2.)

The Fuego pleading alleges that altered images of professional models were used in social-media advertising for Fuego Bar Lounge without authorization. (Fuego Dkt. 11 ¶¶1, 24–25.) As to S&J, the asserted theories include false association and false advertising under the Lanham Act, a Washington Consumer Protection Act claim, and negligence. (Fuego Dkt. 11 ¶¶65–94, 103–125.) As to Discovery Palace LLC, the sole asserted theory was contributory trademark infringement under the Lanham Act. (Fuego Dkt. 11 ¶¶95–102.) Discovery Palace LLC, a former landlord defendant, was voluntarily dismissed without prejudice on February 24, 2026, disposing of that claim; the dismissal expressly has no effect on Plaintiffs' claims against S&J. (Fuego Dkt. 18.)

### B. <u>The Later-Filed Las Palmas Action</u>

The Las Palmas Action was filed on March 12, 2025. Its First Amended Complaint names ten plaintiffs and defendants S&J and Morris Hardcastle LLC. (Las Palmas Dkt. 9 at 1.) It alleges unauthorized use of professional models' images in social-media advertisements for Las Palmas. (Las Palmas Dkt. 9 ¶¶1, 27, 62-64.) As to S&J, the asserted theories include false association and false advertising under the Lanham Act, a Washington Consumer Protection Act claim, and negligence. (Las Palmas Dkt. 9 ¶¶82–111, 121–143.) As to Morris Hardcastle LLC, the sole asserted theory was contributory trademark infringement under the Lanham Act. (Las Palmas Dkt. 9 ¶¶112–120.)

On August 21, 2026, the Honorable Robert S. Lasnik issued an order to show cause under Local Civil Rule 41(b)(1). (Las Palmas Dkt. 12.) Plaintiffs timely responded on September 1, 2026, identified the Fuego Action as related, and requested time to meet and confer and move to



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

consolidate. (Las Palmas Dkts. 13–14.) On September 2, 2026, Judge Lasnik vacated the order to show cause and granted "a 30-day extension to meet and confer and file their motion to consolidate." (Las Palmas Dkt. 15 at 1.) Excluding the date of entry under Federal Rule of Civil Procedure 6(a)(1), the 30-day period expires October 2, 2026.

**C. The Overlap Is Substantial, but the Cases Retain Distinct Facts**

The common core is S&J's alleged use, control, authorization, or ratification of image-based social-media advertising to promote its hospitality businesses. The cases overlap as to three plaintiffs, S&J, the relevant advertising and social-media practices, likely custodians and third-party promoters, S&J's knowledge and intent, claimed commercial benefit, and recurring elements and defenses under the Lanham Act and Washington law. At the same time, the challenged advertisements, event dates, some plaintiffs, and some damages evidence are action-specific. Morris Hardcastle LLC is a defendant only in Las Palmas. Pretrial-only consolidation preserves those distinctions while eliminating avoidable duplication.

## III. GOVERNING RULES

Federal Rule of Civil Procedure 42(a) provides that, when actions before the Court involve a common question of law or fact, the Court may join for hearing or trial any or all matters at issue, consolidate the actions, or issue other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). The district court has broad discretion under this rule to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Local Civil Rule 42(a) directs that a consolidation motion should, if possible, be filed in the earliest-filed case, that a notice of the motion must be filed in the later-filed case, that the judge assigned to the earliest-filed case will hear the motion, and that, when the cases are not



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

already before the same judge, the Court will first consider whether to transfer the cases so that all related actions are before a single judge. W.D. Wash. LCR 42(a). Because the Fuego Action was filed first, this motion is drafted for filing in that action, with a separate notice to be filed in Las Palmas.

Before filing a consolidation motion, the parties must meet and confer and attempt to reach agreement on whether the cases should be consolidated and, if so, whether consolidation should extend through trial. W.D. Wash. LCR 42(b). Beginning on September 18, 2026, Plaintiffs' counsel conferred in writing with Gregory P. Cavagnaro, counsel of record for S&J in the Fuego Action through October 8, 2026, and requested S&J's position on consolidation. (Casas Decl. ¶¶ 2–6.) On September 21, 2026, Plaintiffs expressly requested S&J's position on whether consolidation should be limited to pretrial proceedings, extend through trial, or be denied altogether. (Id. ¶ 7.) Mr. Cavagnaro did not respond to that request. (Id. ¶ 8.) He has not stated whether S&J consents to or opposes consolidation, has not provided S&J's position on trial consolidation, and has not identified successor counsel or an authorized company representative with whom Plaintiffs could confer. (Id. ¶¶ 3–8.) No counsel has appeared for either defendant in the Las Palmas Action. Plaintiffs were unable to obtain agreement and accordingly bring this motion as opposed.

## IV. ARGUMENT

### A. <u>The Actions Present Common Questions of Law and Fact.</u>

Federal Rule of Civil Procedure 42(a) permits consolidation where actions "involve a common question of law or fact," and district courts have "broad discretion" to consolidate cases pending in the same district. *Investors Research Co.*, 877 F.2d at 777. In exercising that discretion, courts weigh the interest of judicial economy and convenience against the potential



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

for delay, confusion, and prejudice. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).

That threshold is met here because both actions concern whether the same corporate defendant, S&J Paulino Development LLC, is legally responsible for allegedly unauthorized image-based advertising used to promote businesses it operated under different trade names, Fuego Bar Lounge and Las Palmas Restaurant. (Fuego Dkt. 11 at caption; Las Palmas Dkt. 9 at caption.) Common factual questions include who controlled the relevant social-media accounts (Fuego Dkt. 11 ¶46; Las Palmas Dkt. 9 ¶63); the role of S&J's employees and agents in the alleged misappropriation (Fuego Dkt. 11 ¶¶20–21; Las Palmas Dkt. 9 ¶¶134-135); S&J's knowledge of the uses (Fuego Dkt. 11 ¶51; Las Palmas Dkt. 9 ¶68); and the commercial purpose and benefit of the advertising (Fuego Dkt. 11 ¶¶47, 48, 50; Las Palmas Dkt. 9 ¶¶64-65, 67). Three plaintiffs, Janet Guzman, Stephanie Rao, and Sandra Valencia, assert claims in both actions, creating additional overlap in authorization, damages, and testimony.

The actions also present recurring legal issues under Section 43(a) of the Lanham Act and the Washington Consumer Protection Act, along with negligence theories arising from related advertising practices. Coordinated treatment will reduce the risk that two judges are asked to resolve materially similar discovery disputes, evidentiary questions, and dispositive issues on separate records.

### B. <u>Coordinated Pretrial Proceedings Will Reduce Cost and Duplication.</u>

Absent consolidation, the parties may duplicate written discovery, third-party subpoenas, depositions of S&J personnel and vendors, expert work, and motion practice concerning the same business records and advertising systems. A single pretrial framework permits coordinated



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

production, protects witnesses from duplicative examinations, and allows common issues to be briefed once. It also creates one forum for resolving scheduling and preservation issues involving S&J.

The Fuego Action already has a scheduling order and a November 29, 2027 trial date. (Fuego Dkt. 19.) No scheduling order or trial date has been entered in the Las Palmas Action. Using the Fuego schedule as an interim framework respects the posture of the earlier action while allowing targeted adjustments for service, appearance, and case-specific discovery in Las Palmas.

### C. <u>Pretrial-Only Consolidation Preserves Case-Specific Issues and Party Rights.</u>

Plaintiffs seek only pretrial consolidation at this stage. Each action can retain its separate pleadings, parties, claims, defenses, and judgment, while common discovery and motion practice proceed in a coordinated manner. This structure is consistent with the settled understanding of Rule 42(a) consolidation that the Supreme Court traced through more than a century of precedent in *Hall v. Hall*, 584 U.S. 59, 70–77 (2018): consolidation is a case-management device that does not merge the constituent actions, and each action retains its separate identity and each party's separate rights, including the right to an independent final judgment. *Id.* The Court can use separate tracks, protective orders, or action-specific briefing where necessary. Deferring trial consolidation avoids prematurely deciding whether different advertisements, venues, and plaintiff groups can be presented to one jury without confusion or prejudice.

### D. <u>The Requested Structure Is Narrow and Manageable.</u>

The Fuego Action should serve as the lead case because it was filed first and already has an operative schedule. Common pretrial filings should be made there, while filings unique to Las



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Palmas or Morris Hardcastle LLC may be designated as action-specific. The Court may revisit the scope of consolidation as the record develops, consistent with the "substantial discretion" district courts retain over the extent of consolidation. *Id*. at 77 (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2383). This measured approach captures the principal efficiencies of consolidation without forcing unlike claims or parties into a single trial record.

## V. LOCAL CIVIL RULE 42(b) CONFERENCE

Pursuant to W.D. Wash. LCR 42(b), counsel for Plaintiffs conferred in writing with Gregory P. Cavagnaro beginning on September 18, 2026. Mr. Cavagnaro remains counsel of record for Defendant S&J Paulino Development LLC in the Fuego Action until October 8, 2026. (Fuego Dkt. 26 at 1–2; Casas Decl. ¶ 2.) Plaintiffs requested a clear statement whether S&J consents to or opposes consolidation and requested successor-counsel or authorized-representative contact information if Mr. Cavagnaro was not authorized to state S&J's position. (Casas Decl. ¶¶ 3–6.)

On September 21, 2026, Plaintiffs also expressly asked whether S&J agreed to pretrial-only consolidation with the trial issue deferred, contended that consolidation should extend through trial, or opposed consolidation entirely. (Id. ¶ 7.) Mr. Cavagnaro did not respond. (Id. ¶ 8.) As of September 23, 2026, S&J had provided no position on either issue required by LCR 42(b), and no successor counsel or authorized representative had been identified. No counsel has appeared for either defendant in the Las Palmas Action. Plaintiffs therefore were unable to reach agreement and treat this motion as opposed.

## CONCLUSION

Plaintiffs respectfully request that the Court transfer the Las Palmas Action to Judge Robart for consolidation administration, consolidate the two actions for pretrial purposes under



THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

the Fuego Action as the lead case, coordinate common pretrial filings and discovery, use the Fuego scheduling order as the interim framework subject to appropriate modification, and defer the question of trial consolidation.

Dated: September 24, 2026

**TALENT RIGHTS LAW**
A division of The Casas Law Firm, P.C.

*/s/ Joseph N. Casas*
Joseph N. Casas*
Illinois Bar No. 6274674
California Bar No. 225800
**Admitted Pro Hac Vice*
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457
F: 855-220-9626
joseph@talentrights.law
**Lead Counsel for Plaintiffs**

/s/ *Jody Reich*
Jody Reich, WSBA #29069
JODY REICH LAW, PLLC
209 4TH Ave. S., Suite 101-A,
Edmonds, WA 98020
D: 206.940.0808
F: 425.245.5948
jody@jodyreichlaw.com
**Local Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered participants in the CM/ECF system.

*/s/ Joseph N. Casas*
Joseph N. Casas



**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626